Janet HENSHAW; et al., Plaintiffs—
Appellees,

v.

Robert DAUGHERTY;
et al., Defendants,

and

Michael Kramer, Carl McClelland,
Defendants—Appellants.

No. 04–15619.

D.C. No. CV–03–00141–HDM/RAM.

United States Court of Appeals,
Ninth Circuit.

Submitted March 23, 2005.*

Decided April 4, 2005.

Elizabeth A. Cannon–Lynch, Sparks, NV, for Plaintiffs–Appellees.

Gregory R. Shannon, Washoe County District Attorney's Office, Reno, NV, for Defendants–Appellants.

Before B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

## MEMORANDUM**

Lieutenant Michael Kramer and Deputy Sheriff Carl McLelland ("the officers") ap-

---

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

peal the district court's interlocutory order denying their motion to dismiss this 42 U.S.C. § 1983 action on qualified immunity grounds. We have jurisdiction pursuant to 28 U.S.C. § 1291. *See Mitchell v. Forsyth,* 472 U.S. 511, 528, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). We review de novo, *Grant v. City of Long Beach,* 315 F.3d 1081, 1088–89 (9th Cir.2002), and we affirm.

Read in the light most favorable to plaintiffs, the second amended complaint alleges that the officers knowingly relied on false information to manufacture probable cause to arrest a minor for making a threatening telephone call. The district court properly determined that these allegations are sufficient to defeat qualified immunity at this stage of the proceedings. *See Lee v. Gregory,* 363 F.3d 931, 934 (9th Cir.2004) (qualified immunity does not protect officers that knowingly violate constitutional rights); *Grant,* 315 F.3d at 1088–89 (at the motion to dismiss stage, court must take allegations of complaint as true in determining qualified immunity).

The officers' contention that the district court should have taken judicial notice of the arrest warrant attached to their original motion to dismiss is unavailing. Plaintiffs allege the officers acted unlawfully in *obtaining* the warrant. Thus, even if the warrant appeared valid on its face, it would not entitle the officers to qualified immunity.

**AFFIRMED.**

TROTT, Circuit Judge, dissenting.

I would reverse and remand to the district court with instructions to grant the officers' motion to dismiss on qualified immunity grounds.